UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 6 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : Criminal No. 7:04CR00141 |
| **FIRE SAFETY PRODUCTS, INC.** | : |

<u>**PLEA AGREEMENT**</u>

**FIRE SAFETY PRODUCTS, INC. (FSPI)**, through its duly authorized corporate officers, **RANDALL LEON MAXWELL, President,** and **GILBERT LEE MAXWELL, Vice President,** and with the advice of corporate counsel, **Charles R. Beller, III, Esquire,** has entered into a plea agreement with the United States of America, by counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The Board of Directors of **FSPI** shall pass a Resolution accepting this agreement and that Resolution shall be attached to this agreement as **Exhibit A**. The terms and conditions of this agreement are as follows:

1. <u>**CHARGES IN THE INDICTMENT AND PUNISHMENT**</u>

**FSPI** has been charged with 7 counts in Indictment No. 7:04CR00141.

**Counts One** and **Two** charge mail fraud, in violation of Title 18, United States Code, Section 1341. The maximum statutory penalty for each charge is a fine of $500,000 and up to five (5) years probation.

**Counts Three, Four and Five** charge unlawfully and falsely representing that hydrostatic retesting was performed when, in fact, it was not, in violation of Title 49, United States Code, Section 5104(a), and other willful violations of Chapter 51 of Title 49 and regulations thereunder, in violation of Title 49, United States Code, Section 5124. The maximum statutory penalty for each charge is a fine of $500,000 and up to five (5) years probation.

**Count Six** charges false statements, in violation of Title 18, United States Code, Section 1001. The maximum statutory penalty for this charge is a fine of $500,000 and up to five (5) years probation.

**Count Seven** charges conspiracy, in violation of Title 18, United States Code, Section 371. The maximum statutory penalty for this charge is a fine of $500,000 and up to five (5) years probation.

*Defendant's Initials:* 

## 2. CHARGES TO WHICH THE CORPORATION IS PLEADING GUILTY AND WAIVER OF RIGHTS

**FSPI** will enter a plea of guilty to **Counts One** and **Three** of the Indictment. **Count One** charges mail fraud, in violation of Title 18, United States Code, Section 1341. The maximum statutory penalty for that charge is a fine of $500,000 and up to five (5) years probation. **Count Three** charges unlawfully and falsely representing that hydrostatic retesting was performed when, in fact, it was not, in violation of Title 49, United States Code, Sections 5104(a) and 5124. The maximum statutory penalty for Count Three is a fine of $500,000 and up to five (5) years probation. **FSPI** understands that there will be a $400 special assessment per felony count of conviction.

Corporate attorney, Charles R. Beller, III, Esquire, has informed **FSPI** of the nature of these charges and the elements of these charges which must be proved by the United States beyond a reasonable doubt before **FSPI** could be found guilty as charged.

**FSPI** acknowledges that it has had all of its rights explained to it and **FSPI** expressly recognizes that it has the following constitutional rights and, that by voluntarily pleading guilty, **FSPI** knowingly waives and gives up these valuable constitutional rights:

a. The right to plead not guilty and persist in that plea.
b. The right to a speedy and public jury trial.
c. The right to assistance of counsel at that trial and in any subsequent appeal.
d. The right to confront and cross-examine government witnesses.
e. The right to present evidence and witnesses in my own behalf.
f. The right to compulsory process of the court.
g. The right to be presumed innocent.
h. The right to a unanimous guilty verdict.
i. The right to appeal a guilty verdict.

**FSPI** is pleading guilty as described above because it is in fact guilty and because it is in the best interest of **FSPI** to do so and not because of any threats or promises.

It is understood that the matter of sentencing is within the sole discretion of the Court, subject to the United States Sentencing Guidelines ("Sentencing Guidelines"), which are advisory, and this Agreement.

*Defendant's Initials:* _____    2

3. **DISMISSAL OF COUNTS**

In exchange for **FSPI**'s pleas of guilty to **Counts One and Three**, the United States will move to dismiss the remaining Counts of the Indictment against **FSPI**. **FSPI** stipulates that the United States had probable cause to bring all the counts in the Indictment which are being dismissed under this agreement, that these charges were not frivolous, vexatious or in bad faith, and that **FSPI** is not a "prevailing party" with regard the these charges. **FSPI** further waives any claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

4. **SENTENCING GUIDELINE PROVISIONS**

**FSPI** agrees that Chapter 8 of the 2000 version of the Sentencing Guidelines Manual applies to its offenses.

5. **MANDATORY ASSESSMENT**

**FSPI** understands that organizations convicted of crimes are required to pay a mandatory assessment of $400.00 per felony count of conviction. **FSPI** agrees that it will submit a check or money order for the total amount of the assessment to the United States Attorney's Office upon acceptance of this plea agreement and upon returning to it a signed copy of this plea agreement. **FSPI** will make the check or money order payable to **Clerk, United States District Court** for the total amount of $800.00.

6. **SENTENCING RECOMMENDATIONS**

If **FSPI** fulfills its obligations under this plea agreement and accepts responsibility for its conduct, the United States agrees to recommend a sentence of five (5) years probation and a fine ~~to be determined by the Court.~~ of $40,000, to be offset by any amounts paid to DOT in its Administrative penalty action. As conditions of probation, **FSPI** agrees to payment of restitution as outlined below and to surrender, on or before the date of sentencing, its Retester Identification Number (RIN) along with its authority to perform hydrostatic retests of compressed gas cylinders for a period of five (5) years.

7. **RESTITUTION**

Pursuant to Title 18, United States Code, Sections 3663 and 3663A, **FSPI** will pay restitution based upon the entire scope of the criminal conduct, not just the charges to which it is pleading guilty.

**FSPI** agrees to pay restitution in the amount up to $13,252.50 to the victims of its offenses as shall be agreed by the parties before sentencing.

*Defendant's Initials:* _____        3

**FSPI** agrees that any fines, assessments and restitution shall be immediately payable upon entry of a judgment of conviction.

**FSPI** understands that the standard of proof in criminal and civil cases is substantially different, with the standard of proof in a criminal prosecution being much higher. **FSPI** agrees that the amount of loss referred to in this Agreement for plea purposes does not bind any victims of the offenses to which it is pleading guilty, who may be able to prove greater loss resulting from its conduct in future civil claims and/or civil suits.

**FSPI** acknowledges that the civil penalty action initiated by the Department of Transportation is unaffected by this Plea Agreement.

8. **PERSONAL GUARANTEES OF CORPORATE OFFICERS**

Corporate officers, **RANDALL LEON MAXWELL, President,** and **GILBERT LEE MAXWELL, Vice President,** by their signatures to this Plea Agreement, agree to be personally responsible for the payment of any fines, assessments, restitution or other monetary penalties imposed by this Court upon **FSPI** and such monetary penalties shall not be discharged in any bankruptcy proceeding. Neither shall corporate dissolution of **FSPI** avoid these monetary penalties.

9. **WAIVER OF RIGHT TO APPEAL**

**FSPI** is knowingly and voluntarily waiving any right to appeal its sentence. **FSPI** understands that the United States expressly reserves its right to appeal.

10. **COMPLETION OF PROSECUTION**

**FSPI** understands that except as provided for in this plea agreement, there will be no further criminal prosecution of it in the Western District of Virginia for any matters about which the United States Attorney's Office for the Western District of Virginia has specific knowledge gained from the investigation that gave rise to the charges contained in this Indictment.

11. **LIMITATION OF AGREEMENT**

This agreement is limited to the Western Judicial District of Virginia and does not bind other federal judicial districts, nor does it bind any federal agencies or state or local authorities.

*Defendant's Initials:* _____          4

## 12. REMEDIES FOR BREACH OF PLEA AGREEMENT OR VIOLATION OF PROBATION

**FSPI** understands that if it breaches any provision of this Agreement at any time prior to the expiration of probation, or violates the conditions of its probation, the United States Attorney's office may ask the Court to find that **FSPI** violated the terms of this Agreement or the conditions of its probation and **FSPI** agrees that the Court may, in its discretion, impose an additional monetary penalty up to the statutory maximum ($1,000,000) for such breach or violation.

## 13. GENERAL UNDERSTANDINGS

**FSPI understands that the Court is not bound by any recommendations or stipulations contained in this Agreement, and may sentence it up to the maximum provided by law.**

**FSPI** understands that if the sentence is more severe than expected, it will have no right to withdraw its guilty plea.

**FSPI** understands that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration.

**FSPI** understands that the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case.

**FSPI** understands that the United States retains the right, notwithstanding any provision in this plea agreement, to inform the probation office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

**FSPI** willingly stipulates that there is a sufficient factual basis to support each and every material factual allegation contained within the charging document to which it is pleading guilty.

**FSPI** understands that this agreement does not apply to any crimes that it may commit hereafter.

*Defendant's Initials:* _____          5

FSPI has not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for its pleas of guilty. FSPI understands that its attorney will be free to argue any mitigating factors in its behalf.

This writing sets forth the entire understanding between the parties and constitutes the complete Plea Agreement between the United States Attorney for the Western District of Virginia and **FSPI**, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This Plea Agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States Attorneys' Office for the Western District of Virginia and **FSPI**.

**FSPI** has consulted with its attorney and fully understands all its rights with respect to the offenses charged in the pending indictment. By virtue of a corporate resolution adopted by **FSPI**, and attached hereto as Attachment A, the Board of Directors of **FSPI** and its officers hereby agree to this Plea Agreement.

Date: _July 26, 2005_

**FIRE SAFETY PRODUCTS, INC.**
**DEFENDANT**

_____
Charles R. Beller, III, Esquire
**Counsel for FIRE SAFETY PRODUCTS, INC.**

Date: _7-26-05_

_____
**RANDALL LEON MAXWELL**
**PRESIDENT AND PERSONAL GUARANTOR**
**FIRE SAFETY PRODUCTS, INC.**

Date: _7-26-05_

_____
**GILBERT LEE MAXWELL**
**VICE PRESIDENT AND PERSONAL GUARANTOR**
**FIRE SAFETY PRODUCTS, INC.**

Acknowledged:

Date: _7/26/05_

_____
Jennie L. M. Waering
Assistant United States Attorney
Virginia State Bar No. 20570

*Defendant's Initials:* _____         6